## WEBB et al. v. KUNS et al.

### L. A. No. 365; July 25, 1898.

#### 54 Pac. 78.

**Work and Labor—Pleadings and Findings.**—A complaint alleged that plaintiff was to be paid a reasonable sum for extra work as to a certain contract, and also the performance of the work. The finding showed the performance of the work, its acceptance by defendants on a certain day, and that "defendants agreed to pay therefor the sum of ten dollars." Held, that the finding was not that the work was done for an agreed price; hence there was no variance.

**Mechanic's Lien.**—In an Action to Foreclose a Mechanic's Lien, a mistake in the complaint in regard to the terms of the contract, as to time of payment, where the contract, the notice of lien, and the findings show the facts, is immaterial.

APPEAL from Superior Court, Los Angeles County; W. H. Clark, Judge.

Action by W. E. Webb and others against N. Kuns and others. From a judgment in favor of plaintiffs and an order denying a new trial defendants appealed. Affirmed.

C. K. Holloway for appellants; Tanner & Taft for respondents.

TEMPLE, J.—This action was brought to foreclose a mechanic's lien for the sum of $82.50. The appeal is from the judgment and from an order denying a new trial. The general point is that the evidence is insufficient to sustain the finding, and under this an attempt is made to show a variance between the findings and the allegations of the complaint in two respects. As I think no material variance is shown, I will not consider whether the point can be made under the specification.

1. The complaint avers, in accordance with the terms of the contract and the statement in the claim of lien recorded, that plaintiff was to be paid a reasonable sum for any extra work; also that extra work was done. It is found that these allegations are true, and in addition "that the plaintiff performed all the extra work mentioned in the complaint, and fully completed the same, and same was accepted by the defendants on the said eighteenth day of October, 1895, and the defendants agreed to pay therefor the sum of ten dollars." There is no variance—not even an inconsistency. The finding is not that the work was done under a contract for an agreed price, but to the contrary, and that after it was done defendants accepted it, and agreed to pay therefor $10. This was an admission that it was worth $10.

2. The complaint states that three-fourths of the contract price was to be paid during the progress of the work, and the balance thirty-five days after completion. The contract, the claim of lien, and the findings are to the effect that $100 of the contract price was to be paid upon completion, and the balance thirty days after completion. The contract is correctly described in the notice of lien which was filed. A valid lien was therefore created. The mistake in the complaint was utterly immaterial, as defendants could not have been misled thereby. It is evident that the appeal is frivolous and vexatious. It is therefore ordered that the judgment and order be affirmed, with $50 damages allowed respondents.

We concur: McFarland, J.; Henshaw, J.